[Cite as *In re H.P.*, 2013-Ohio-2438.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE:

H.P.,
K.P.,
T.P.

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Craig R. Baldwin, J.

Case No. 13-CA-5,
　　　　　13-CA-6,
　　　　　13-CA-7


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Fairfield County Court of Common Pleas, Juvnile Division Case No's. 2011-AB-0026, 0027, 0028 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 10, 2013 |
| APPEARANCES: | |

For Appellee
Fairfield Co. Child Protective Services

GREGG MARX
Prosecuting Attorney
By: JULIE S. BLAISDELL
Assistant Prosecuting Attorney
Fairfield County, Ohio
239 W. Main Street, Ste. 101
Lancaster, Ohio 43130

For Appellant
Teresa Pitts

MICHELLE L. EDGAR
414 E. Main Street, Suite 200
Lancaster, Ohio 43130

For Terry Pitts, Sr.

DAVID TAWNEY
117 W. Main St., Suite 208
Lancaster, Ohio 43130

For H.P., K.P., T.P.

TREVOR INNOCENTI
117 W. Main Street, Suite 206
Lancaster, Ohio 43130

Guardian Ad Litem

CHRISTINA MCGILL
123 S. Broad Street, Suite 240
Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} Appellant Teresa Pitts ("Mother") appeals three December 11, 2012 Judgment Entries entered by the Fairfield County Court of Common Pleas, Juvenile Division, which terminated her parental rights, privileges and responsibilities with respect to her minor children H.P., K.P., and T.P., and granted permanent custody of the children to Appellee Fairfield County Child Protective Services.

STATEMENT OF THE FACTS AND CASE

{¶2} Mother is the biological mother of H.P. (dob 12/13/07), K.P. (dob 10/6/08) and T.P. (dob 10/6/08).[1] Appellee began its involvement with the family on September 22, 2010. Initial complaints were filed on November 9, 2010, and dismissed on January 27, 2011. Appellee filed virtually identical complaints on January 27, 2011. The children were placed in the temporary shelter care custody of Appellee.

{¶3} On March 22, 2011, the trial court adjudicated H.P., K.P., and T.P. as being dependent, and granted temporary custody of the children to Appellee. The trial court approved and adopted a case plan. The case plan required Mother to submit to random screens for drugs and/or alcohol, undergo a substance abuse assessment, successfully complete drug and alcohol treatment at the Recovery Center, successfully complete the Fairfield County Family Court program, attend parenting education classes, follow all recommendations made by physicians, obtain and maintain employment, obtain and maintain stable housing, and visit with the children.

{¶4} Appellee filed a motion for permanent custody on August 1, 2011. The trial court conducted a hearing on the motion over the course of two days, February 21,

---

[1] Terry Pitts is the biological father of the children. He is not a party to this Appeal.

2012 and November 6, 2012.  The guardian ad litem filed a report on February 14, 2012, which supported Appellee's motion for permanent custody.

{¶5}    At trial, Elyssa Wanosik, the case worker assigned to the family, testified Appellee continued to have concerns regarding Mother's substance abuse, parenting practices, criminal activity, medical issues, employment, and housing despite the services to which she had access.

{¶6}    Wanosik noted there was little structure and supervision in the household, and the children did not have a set routine.  Wanosik recalled she arrived for a home visit and learned H.P., who was three years old at the time, had stayed up until 5:00 a.m.  Mother then allowed the child to sleep throughout the day.  The children were aggressive toward each other and Mother failed to redirect them.  Wanosik added two other individuals were living in the home, one who had an outstanding arrest warrant.  The family lost their housing shortly after Wanosik began her involvement.

{¶7}    Although Mother did complete a substance abuse assessment, she did not consistently submit to drug and/or alcohol screens.   The trial court found Mother in contempt in December, 2011, as she missed four screens in November, missed two women's group meetings, cancelled her individual appointment, and missed three parenting education appointments.  In addition to the contempt charge, Mother was suspended from the Family Court program.

{¶8}    Although Mother was managing her substance abuse at the time of the trial, Appellee still had significant concerns about her mental health.  Mother continued to engage in a pattern of avoidance behavior and revictimization.  Mother suffers from numerous mental health issues, including post-traumatic stress disorder, anxiety,

depression, and dependent personality traits.  Mother's mental health issues were being managed, but were not yet resolved.

{¶9}    Mother mostly complied with the case plan requirement she complete the parenting education program.  However, Mother did not attend the group sessions as required.  Mother's case plan also prohibited her from engaging in criminal activity and required her to address any pending criminal charges.  Mother had been incarcerated on three different occasions during the course of the proceedings.  At the time of the trial, there was a warrant for Mother's arrest out of Clinton County.

{¶10} Wanosik testified Appellee had concerns about Mother's health issues at the commencement of the case and those concerns remained.  Mother did not keep her scheduled doctor's appointments.  Mother had been hospitalized on at least two occasions during Appellee's involvement.

{¶11} Mother did not maintain stable employment.  In fact, Mother did not provide any verification of employment throughout the case.  Mother had no income with which to provide for the basic needs of her children.

{¶12} Mother was unable to maintain stable housing, residing in at least four different residences during the pendency of the case.  Mother's actions resulted in her losing her housing voucher due to violations.  At the time of the final hearing, Mother was living with her sister.  Mother's sister did not want the children in her home.  Appellee had concerns over this arrangement as a potential trigger for relapse.  Appellee did not believe the family dynamics were conducive to Mother's mental health stability.

{¶13} Mother was not consistent with her visitation with the children. She had cancelled four visits between June, and July, 2012, and stopped attending visits altogether in the beginning of August, 2012. Wanosik conceded the visits, when such occurred, went well and the children enjoy seeing Mother.

{¶14} After hearing all the evidence, the trial court ordered the parties to submit proposed findings of fact and conclusions of law. Via Judgment Entries filed December 11, 2012, the trial court terminated Mother's parental rights, and granted permanent custody of H.P., K.P., and T.P. to Appellee.

{¶15} It is from these judgment entries Mother appeals, assigning as error:

{¶16} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING BY CLEAR AND CONVINCING EVIDENCE THAT IT WOULD BE IN THE BEST INTEREST OF [H.P., K.P., T.P.] TO PERMANENTLY TERMINATE THE PARENTAL RIGHTS OF TERESA PITTS AND PLACE [H.P., K.P., T.P.] IN THE PERMANENT CUSTODY OF FAIRFIELD COUNTY CHILD PROTECTIVE SERVICES.

{¶17} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND BY CLEAR AND CONVINCING EVIDENCE THAT [H.P., K.P., T.P.] COULD NOT BE PLACED WITH TERESA PITTS WITHIN A REASONABLE TIME OR SHOULD NOT BE PLACED WITH TERESA PITTS."

{¶18} These cases come to us on the expedited calendar and shall be considered in compliance with App. R. 11.2(C).

I, II

{¶19} In her first assignment of error, Mother contends the trial court erred in finding an award of permanent custody was in the best interest of the children. In her

second assignment of error, Mother maintains the trial court erred in finding the children could not be placed with her within a reasonable time.

**{¶20}** As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v.. Jeffries* (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.

**{¶21}** R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.

**{¶22}** Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for

twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶23} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶24} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶25} If the child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R .C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.

**{¶26}** As set forth in our statements of the facts and case, supra, Mother had failed to remedy the problems which initially caused the removal of the children from her home. Mother was not consistent in any aspect of her case plan. She failed to regularly submit to drug and/or alcohol screens, resulting in the trial court finding her in contempt. Mother lost her HUD housing due to violations. She was living with her sister at the time of the final hearing, but informed Appellee her sister did not want the children in her home. Further, Appellee had concerns for Mother's mental well-being while she was residing with her sister. Mother did not consistently attend treatment appointments and group sessions at the Recovery Center. Mother did not have any employment during the pendency of the matter despite such being a requirement of her case plan. Mother was also inconsistent in her visitation with the children, having no visits in August and September, 2012.

**{¶27}** Based upon the foregoing and the entire record in this matter, we find the trial court's finding the children could not or should not be placed with Mother within a reasonable time is not against the manifest weight of the evidence.

**{¶28}** With regards to the best interest, the record reveals the children were bonded with Mother. However, they are also bonded with their respective foster parents, and were doing well in foster care. The evidence established there was no legally secure permanent placement with a family member. Further, by the time of the final hearing, the children had been in the temporary custody of Appellee for twelve or more months. The guardian ad litem recommended the grant of permanent custody.

**{¶29}** Based upon the foregoing, as well as the entire record in this matter, we find the trial court's finding it was in the children's best interest to grant permanent

custody to GCCS was not against the manifest weight of the evidence. Mother's first and second assignments of error are overruled.

{¶30} The judgment of the Fairfield County Court of Common Pleas, Juvenile Division, is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Craig R. Baldwin_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE:                                          :
                                                :
H.P.                                            :
                                                :          JUDGMENT ENTRY
                                                :
                                                :
                                                :          Case No. 13-CA-5


For the reasons stated in our accompanying Opinion, the judgment of the

Fairfield County Court of Common Pleas, Juvenile Division, is affirmed.  Costs to

Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Craig R. Baldwin_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE:                                      :
                                            :
K.P.                                        :
                                            :        JUDGMENT ENTRY
                                            :
                                            :
                                            :        Case No. 13-CA-6


        For the reasons stated in our accompanying Opinion, the judgment of the

Fairfield County Court of Common Pleas, Juvenile Division, is affirmed. Costs to

Appellant.



                                            s/ William B. Hoffman_____
                                            HON. WILLIAM B. HOFFMAN


                                            s/ W. Scott Gwin_____
                                            HON. W. SCOTT GWIN


                                            s/ Craig R. Baldwin_____
                                            HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE:                         :
                               :
T.P.                          :
                               :         JUDGMENT ENTRY
                               :
                               :
                               :         Case No. 13-CA-7

For the reasons stated in our accompanying Opinion, the judgment of the Fairfield County Court of Common Pleas, Juvenile Division, is affirmed. Costs to Appellant.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin
HON. W. SCOTT GWIN


s/ Craig R. Baldwin
HON. CRAIG R. BALDWIN